# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD, | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-01350 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| HERBERT SLATERY III, State of | ) MAGISTRATE JUDGE NEWBERN |
| Tennessee Attorney General and | ) |
| Reporter, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 11), recommending that the Court grant Defendant's Motion to Dismiss (Doc. No. 7). The *pro se* plaintiff filed objections (Doc. No. 12), and Defendant responded to Plaintiff's objections (Doc. No. 13). The Magistrate Judge recommends the Complaint be dismissed for lack of subject matter jurisdiction. After a *de novo* review, and for the following reasons, Plaintiff's objections are OVERRULED and the Report and Recommendation is ADOPTED.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Plaintiff filed a complaint on December 6, 2018 (Doc. No. 1) seeking the following relief: (1) stay a pending state court proceedings "until the jury can overturn the court order submitted"; and (2) "[o]verturn the [state] court order filed May 31, 2018." The Magistrate Judge determined the Court does not have subject-matter jurisdiction over Plaintiff's claims and recommended that the Court dismiss the Complaint.

Plaintiff objected to the Report and Recommendation on the grounds that the Magistrate Judge (1) "inaccurately presented the case history"; (2) erred in dismissing the case for lack of subject matter jurisdiction; (3) misapplied the Rooker-Feldman Doctrine; and (4) erred in denying Plaintiff a stay of the state court proceeding. (Doc. No. 12).

As discussed thoroughly by the Magistrate Judge, the Rooker-Feldman Doctrine prohibits lower federal courts from exercising appellate review over state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Doctrine applies even if the party challenges the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008). In other words, if the claim can only succeed to the extent the state court wrongly decided the issues before it, the district court does not have jurisdiction. *Peterson Novelties, Inc. v. City of Berkeley*, 305 F.3d 386, 391 (6th Cir. 2002). Plaintiff's claims, which allege injury as a result of a state court decision and ask the Court to stay the state court proceeding and overturn the state court decision, directly implicates Rooker-Feldman. Moreover, the Supreme Court has explained that 28 U.S.C. § 1331 "does not authorize district courts to exercise appellate jurisdiction over

state-court judgments, which Congress has reserved to this Court." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

Plaintiff does not cite specific examples of how the Magistrate Judge "inaccurately presented the case history" or explain how it impacted the jurisdiction analysis. As stated above, based on the relief sought by Plaintiff, this Court does not have subject matter jurisdiction to hear the claims or to stay the state court proceeding.

### III. CONCLUSION

The Court has reviewed the Report and Recommendation and concludes that it should be **ADOPTED** and **APPROVED**. Accordingly, Defendant's Motion to Dismiss is **GRANTED**. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE